

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
MAR 21 2001
2001 MAR 21 PH 4: 48
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CA 03-2330

In re: INDUSTRIAL LIFE INSURANCE       CIVIL ACTION
LITIGATION                             MDL NO. 1371 and
                                       consolidated MDLs

                                       SECTION "F"

THIS DOCUMENT RELATES TO:              JUDGE FELDMAN
ALL ACTIONS                            MAGISTRATE ROBY

## CASE MANAGEMENT ORDER NO. 1

     Having considered the comments and proposals of the parties presented at the initial pre-trial conference held January 18, 2001, the Court ORDERS:

I.    **Pretrial Consolidation.** All cases in this litigation are consolidated for pretrial purposes. This is not a determination that any of these actions should be consolidated for trial, and does not have the effect of making any entity a party to an action in which is has not been named and served in accordance with the Federal Rules of Civil Procedure.

II.   **Filing Papers with Court.** The purpose of the following instructions is to reduce the time and expense of duplicate filings of documents through the use of a master file, while at the same time not congesting the master case with miscellaneous pleadings and orders that are of interest only to the parties directly affected by them. It is not intended that a party would lose any rights based on a failure to follow these instructions.

DATE OF ENTRY
AUG 2 5 2003

___Fee_____
___Process___
X  Dktd____
___CtRmDep___
___Doc.No.___

**A. Master Docket and File.** The clerk will maintain a master docket and case file under the style "In Re: Industrial Life Insurance Litigation (MDL 1371 and consolidated MDLs" as master file number MDL 1371 and consolidated MDLs. Every pleading in these proceedings shall bear the following caption:

In re: INDUSTRIAL LIFE INSURANCE                    CIVIL ACTION
LITIGATION                                          MDL NO. 1371 and
                                                    consolidated MDLs

                                                    SECTION "F"

THIS DOCUMENT RELATES TO:
ALL ACTIONS                                         JUDGE FELDMAN
                                                    MAGISTRATE ROBY

When a pleading is intended to be applicable to all actions to which this Order is applicable, the words "ALL ACTIONS" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading is intended to be applicable to less than all of such actions, this Court's docket number of each individual action to which the document is intended to be applicable and the last name of the named Plaintiff(s) in said action shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above.

If a pleading is related to only a particular defendant (or its affiliates), then the name of the defendant shall appear immediately after the words "THIS DOCUMENT RELATES TO:".

All orders, pleadings, motions, and other documents identified as relating to "ALL CASES" shall, when docketed and filed in the master case, be deemed as docketed and filed in each individual case to the extent applicable and will not ordinarily be separately docketed or physically filed in such individual cases.

B. **Address; Number of Copies.** When filing documents with the Court, send one signed original and two copies of all documents, except send only one signed original and one copy of affidavits and exhibits, to the Clerk, U.S. District Court, Eastern District of Louisiana. Documents should be stapled once and should not have "blue backs" or other cover sheets. **Unless specifically requested by the Court, do not submit additional copies to the Judge's chambers.** Correspondence that is not intended to be filed may be sent directly to Judge Feldman's Chambers. Judge Feldman's address is 500 Camp Street, C-555, New Orleans, Louisiana 70130.

III.    **Telephone Numbers.** The telephone number for the Docket Clerk handling these cases is (504)589-7708. If possible, please direct all questions to Liaison Counsel. Do not telephone the Judge's chambers. Questions for Judge Feldman should be submitted in writing. Chambers will

accept telephone calls only from Liaison Counsel. Judge Feldman's telephone number is (504) 589-7550. The Judge's Law Clerk presently assigned to this matter is April Farrell.

IV.    **FAX.** Filing or correspondence by facsimile (FAX) is not permitted.

V.    **Court Orders.** The Clerk of Court shall mail a copy of the Court's orders to Liaison Counsel for plaintiffs and Liaison Counsel for the defendants. Liaison Counsel are responsible for forwarding orders to counsel for plaintiffs and counsel for defendants.

VI.    **Newly Filed or Transferred Actions.** When a case that relates to the same subject matter as these consolidated actions is hereafter filed in this Court, or removed to or transferred here from another court:

**A. The Clerk of this Court shall:**

    1.    File a copy of this Order in the separate file for such action.

    2.    Make an appropriate entry in the Master Docket.

    3.    Mail a copy of the case docket sheet to Liaison Counsel for Plaintiffs and Liaison Counsel for Defendants.

**B. Liaison Counsel for Plaintiffs shall:**

    1.    Mail a copy of the Order of Assignment to counsel for Plaintiffs in the actions consolidated herewith for pretrial purposes.

    2.    Mail a copy of this Order and the Practice and Procedure Order to counsel for the plaintiff(s) in the newly filed, removed, or transferred case.

**C. Liaison Counsel for Defendants shall:**

    1.    Mail a copy of the Order of Assignment to counsel for Defendants in the actions consolidated herewith for pretrial purposes.

    2.    Mail a copy of this Order and the Practice and Procedure Order to counsel for the defendants in the newly filed, removed, or transferred case.

**D. Newly Added Defendants.** Within 21 days of receipt of this Case Management Order No. 1 by counsel for a new defendant, such new defendant (along with its affiliate party defendants, if any) shall nominate a single defense liaison counsel for such defendant group by filing a motion with the Court to appoint such defense liaison counsel for such new defendant.

Counsel shall call to the attention of the Clerk of this Court the existence, filing, removal, or transfer of any case that might properly be consolidated for pretrial purposes.

VII.    **Application of this Order to Later Filed Cases.** The terms of this Order shall apply automatically to actions later instituted in, removed to, or transferred to this Court that involve claims with respect to Industrial Life Insurance Litigation, unless a party objecting to the

consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within twenty (20) days upon receipt of this Order..

VIII. **Liaison Counsel, Plaintiff Lead Counsel, Plaintiff Executive Committee, and Plaintiff Steering Committee.** The Order appointing Liaison Counsel, Plaintiff Lead Counsel, Plaintiff Executive Committee, and Plaintiff Steering Committee attached hereto is entered as an Order of the Court.

IX. **Service of Documents.**

    A. **Service on Liaison Counsel.** Service on Liaison Counsel, pursuant to Fed.R.Civ.P.5, of all orders, pleadings (other than the original summons and complaint), motions, briefs, and other documents constitutes service on other attorneys and parties for whom Liaison Counsel is acting. Service of pleadings shall be made by hand delivery or facsimile transmission upon Liaison Counsel, and each serving party shall also provide two hard copies and exhibits to each Liaison Counsel by hand delivery or next day delivery.

    B. **Additional Service.**

        1. **Defaults; Sanctions.** Motions claiming default or seeking other penalties or sanctions against a party for failure to take some action within a time period measured from the date of service of a document must also be served on counsel of record for that party.

        2. **Informational Copies.** If a document affects only a particular party or a particular case, service of an additional copy upon counsel of record for that party or in that case is encouraged, but not required.

X. **Protective Order.** A Protective Order will be submitted to the Court by the parties within 10 days after issuance of this Order. If the parties cannot agree to a Protective Order, each defendant, and plaintiffs jointly, shall submit to the Court their positions and their proposed Protective Orders within 21 days after issuance of this Order. The Court will decide the matter on the papers, unless otherwise specified.

XI. **Motions/Orders.** All motions and orders filed or entered prior to transfer to this Court in cases comprising or consolidated with MDL 1371, MDL 1382, MDL 1390 or MDL 1391 are stayed. Any pending motion shall be re-filed (if movant still seeks the relief originally sought) at the appropriate time, after class certification and jurisdiction issues are resolved. The parties may file discovery motions at any time. No motions to dismiss under Fed. R. Civ. Pro. 12(b) or motion for summary judgment under Fed. R. Civ. Pro. 56 shall be filed until class certification and jurisdiction issues are resolved.

**XII.  Discovery.**

    **A.  Limitations.**

        1.    All discovery shall be limited to class certification issues and, if raised by a party or the Court, to issues of jurisdiction. Discovery relating to the class certification motion (including limited discovery on the issue of discriminatory conduct, but only to the extent it relates to the issue of class certification) and, if the issue is raised, to jurisdiction may commence immediately. All other discovery shall remain stayed. Discovery shall be governed by the Federal Rules of Civil Procedure and the applicable Local Rules of this Court, unless otherwise provided for by the Court.

        2.    Additional discovery shall be permitted to the extent the parties otherwise agree, especially in the context of settlement discussions. Any other defendants who do not participate in such additional discovery shall not be bound by such discovery nor shall they be required to participate.

        3.    All discovery concerning class certification and jurisdictional issues, if any (including discovery of expert witnesses), shall be completed on or before December 7, 2001.

    **B.  Written Discovery.**

        1.    Defendants shall be permitted to propound Interrogatories and Requests for Production of Documents to the named plaintiffs through Plaintiff Liaison Counsel only. Plaintiff Liaison Counsel only may propound written discovery to defendants. Confidential Documents will be produced in accordance with any Protective Order entered under Section IX above. Discovery responses shall be supplemented in accordance with Fed.R.Civ.P. 26 (e). Pursuant to Fed.R.Civ.P. 5(d) and Local Rule 6, discovery requests and responses shall not be filed with the Court except to the extent offered in connection with a motion under Rule 11, 12, or 56, a motion seeking a ruling by the Court on a discovery dispute, or as otherwise authorized by the Local Rules.

        2.    Within 45 days after the issuance of this Case Management Order, each party may propound upon the other parties written discovery requests, including interrogatories, requests for production of documents and things, requests for inspection, and requests for admission. The consolidated plaintiffs as a group shall serve no more than 30 interrogatories on each defendant group. Each defendant group shall serve no more than 30 interrogatories on the consolidated plaintiffs as a group. The consolidated plaintiffs as a group shall be limited to a total of 20 class certification and jurisdictional depositions (inclusive of third party depositions but exclusive of expert depositions) relating to each defendant group. Each defendant group shall be limited to a total of 20 class certification

and jurisdictional depositions (inclusive of third party depositions but exclusive of expert depositions) relative to the consolidated plaintiffs as a group.

3.  Each party shall have thirty (30) days from the date of service of the written discovery requests to respond to the written discovery. Upon submission of a written motion and for good cause shown, the Court may allow a party additional time within which to respond to written discovery.

4.  Within 30 days after entry of this Order: (1) plaintiffs in cases involving Monumental or its affiliates shall produce documents and respond to interrogatories on behalf of all named plaintiffs in all MDL 1371 consolidated class actions and in Civil Action 00-3625 (Cothran) based on the written discovery propounded by defendants in the *Bratcher* case; and (2) the Monumental defendants shall produce documents and respond to interrogatories based on the written discovery propounded by plaintiffs in the *Bratcher* case. If the issue of a protective order has not been resolved as set forth in Section X of Case Management Order No. 1 by expiration of the 30 day period, production and response shall not be due until 10 days after such issue is resolved. The discovery provided for in subsection 2 above shall be supplementary discovery to that identified above.

5.  All objections to written discovery shall be stated with particularity. If a party claims a privilege, the privilege must be specifically stated and the facts upon which the privilege is based must be disclosed. Any party withholding documents on the basis of a claim of privilege or work product shall provide a privilege log with the response to written discovery. The privilege log shall identify each document, its author, the date it was created, its addressees, all recipients of copies, its subject matter, and the basis for the claim of privilege or work product.

6.  **Avoidance of Multiple Requests.** Counsel shall, to the extent possible, coordinate and consolidate their requests for production and examination of documents to eliminate duplicative requests from the same party. No party shall request documents available to it from its own Liaison Counsel. No party shall be required to respond to any discovery request that is not properly served through or by Liaison Counsel.

C.  **Depositions.** Depositions may commence after the issuance of this Case Management Order. All depositions of fact witnesses concerning class certification shall be completed on or before September 28, 2001.

**D. Expert Discovery.**

    1.    Plaintiffs shall serve expert reports concerning class certification issues by September 15, 2001.

    2.    Defendants shall serve expert reports concerning class certification issues by November 1, 2001.

    3.    Depositions of expert witnesses shall be completed on or before December 7, 2001.

**E. Discovery of Non-Parties.**  Any party may serve subpoenas on non-parties for the production of documents pursuant to Fed.R.Civ.P. 45. Any party requesting documents from a third party (not a party to this action) through a subpoena shall ensure that all parties in this action are notified of such subpoenas and have access to such documents. Depositions of non-parties may be conducted according to a schedule mutually agreed to by the parties, but if no agreement can be reached after good faith discussion between the parties, a party may notice the deposition of a non-party giving not less than 14 days advance written notice to Liaison Counsel.

**F. General Limitations.** All discovery requests and responses are subject to the requirements of the applicable Federal and Local Rules.  Except as set out above, no other discovery shall be taken pending further order of Court following determination on plaintiffs' motion for class certification.  This directive does not preclude informal or agreed upon discovery.

**G. General Provisions for Depositions.**

    1.    **Scheduling.**  The parties shall confer and attempt to agree on the scheduling of depositions of parties  as to time and place.  Any party noticing a deposition shall give at least ten (10) business days written notice for the taking of the deposition, unless a shorter period of time is agreed upon by the parties or is ordered by the Court for good cause shown.  No deposition shall be taken after the applicable deadline except upon agreement of the parties or upon written motion to the Court and for good cause shown.

    2.    **Stipulations.** Unless otherwise agreed to by the parties and noted on the record, the following stipulations shall apply to all depositions in this action:

        (i)    Unless otherwise specified by any party, an objection by a single party shall be deemed an objection by all parties similarly aligned. However, unless otherwise specified, an instruction not to answer by one party shall not be deemed an instruction not to answer by all parties.

        (ii)    All objections are reserved until trial or other use of the deposition, except those objections regarding the form of the question, the responsiveness of the answer, or the existence of a privilege.

(iii)    Counsel shall refrain from engaging in colloquy during depositions. The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used. If requested, the objecting party shall provide a sufficient explanation for the objection to allow the deposing party to rephrase the question.

3.    **Videotaping.** Any deposition may be videotaped at the request of any party pursuant to the following items and conditions:

(i)    **Stenographic Recording.** A certified court reporter shall simultaneously stenographically record all deposition proceedings and testimony. The court reporter shall on camera administer the oath or affirmation to the deponent. A written transcript by the court reporter shall constitute the official record of the deposition for purposes of Fed.R.Civ.P. 30(e) (submission to the witness) and 30(f) (filing, exhibits).

(ii)    **Cost of Deposition.** The party requesting videotaping of the deposition shall bear the expense of the videotaping.

(iii)    **Videotape Operator.** The video camera shall be operated by an experienced video camera operator. The operator shall be subject to the provisions of Fed.R.Civ.P.28(c). The operator shall not manipulate the video camera frame (i.e., zoom in and out) on the witness at any time during the deposition.

(iv)    **Attendance.** Each witness, attorney, and other person attending the deposition shall be identified on camera at the commencement of the deposition. Thereafter, only the deponent will be videotaped.

(v)    **Interruptions.** No attorney or party shall direct instructions to the video camera operator as to the method of operating the equipment. The video camera operation will be suspended during the deposition only upon stipulation by counsel. The video camera operator shall record on camera the time of suspension and any subsequent reconvening of the deposition.

(vi)    **Index.** The video operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the positions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which any interruption of continuous tape recording occurs, whether for

recesses, "off the record" discussion, mechanical failure, or otherwise.

(vii) **Filing.** After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic court reporter, and file a true copy of the videotape, the transcript, and certification with Liaison Counsel for whomever noticed the deposition.

**H. Refinement of Pleadings.** Any attempt to add parties shall be governed by the Federal Rules of Civil Procedure. Parties may also be added by a final transfer order of the Judicial Panel for Multi-District Litigation.

## XIII. MOTIONS.

### A. Motion for Class Certification.

1. Plaintiffs shall file their motion for class certification and their memorandum in support of class certification on or before December 14, 2001.

2. Defendants shall file their memorandum in opposition to class certification on or before February 1, 2002.

3. Plaintiffs shall file their reply memorandum in support of class certification on or before March 1, 2002. The reply memorandum shall address only those matters raised in the opposition.

4. Hearing on plaintiffs' motion for class certification will be held on March 20, 2002, at 10:00 a.m.

### B. Jurisdictional Motions.

5. Any motion(s) directed to the jurisdiction of this Court, together with a supporting memorandum, shall be filed on or before April 18, 2001.

6. Memoranda in opposition to any jurisdictional motion(s) shall be filed on or before May 18, 2001.

7. Reply memoranda in support of any jurisdictional motion(s) shall be filed on or before June 1, 2001. Reply memoranda shall address only those issues raised in the opposition.

8. Hearing on any motion(s) directed to the jurisdiction of this Court shall be held on June 13, 2001, without oral argument, unless requested by the movant and ordered by the Court.

## XIV. AMENDMENTS.

Any amended pleadings that refer to, relate to or in any way impact plaintiffs' motion for class certification shall be filed on or before June 1, 2001.

XV.    **Venue.** In all cases subject to this Case Management Order, all venue objections are assumed and preserved. It is not necessary for any party to file venue objections until such time as this Court so orders.

XVI.    **Communication Among Counsel.** The Court recognizes that cooperation by and among Plaintiffs' counsel and by and among Defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between Plaintiffs' counsel and among and between Defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall not in any way be used against any Plaintiff by any Defendant or against any Defendant by any Plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or the protection afforded attorney's work product.

XVII.    **Scheduling Order.** Within forty-five (45) days of an Order of this Court pursuant to Section V (C)(3) appointing a single Defense Liaison for a new defendant group that is hereafter transferred to this Court from another Court or by Order of a Judicial Panel for Multi-District Litigation, such new Defense Liaison Counsel shall meet and confer with Plaintiff Liaison Counsel and jointly submit to this Court a proposed Pre-Trial Scheduling Order containing appropriate deadlines.

XVIII.    **Reporting Dates.** The next status conference is scheduled for August 30, 2001, at 10:00 a.m. Liaison Counsel for Plaintiffs and Defendants must submit status reports to the Court no later than August 22, 2001. Future dates, if any, will be selected by the Court.

XIX.    **Subsequent Proceedings.** After class certification and any jurisdictional issues have been resolved regarding a particular defendant group, the Court will schedule a status conference for the purpose of addressing the matters set forth in Fed. R. Civ. Pro. 16, including establishment of a pretrial schedule for additional discovery, pretrial motions, and other pretrial proceedings as relates to that particular defendant group.

XX.    **Modification.** This Order may be modified by further order of the Court upon a showing of good cause or stipulation of the parties with approval of the Court.

Signed this 21st date of March, 2001 in New Orleans, Louisiana.

Martin L. C. Feldman
United States District Court Judge